■ In the Matter of JOHN R. ZAKIAN et al., Appellants, v JOHN J. FLYNN, Individually and as Chairman of the Westchester County Committee of the Conservative Party of New York State, Respondent. — In a proceeding pursuant to CPLR article 78 to compel respondent to convene a new county convention of the Westchester County Committee of the Conservative Party of New York State to elect new members-at-large from the City of Yonkers to the executive committee and to declare a vacancy on the county committee, petitioners appeal from a judgment of the

Supreme Court, Westchester County (Walsh, J.), dated February 27, 1985, which dismissed the proceeding on the merits.

Judgment affirmed, with costs.

Although petitioners contend that one of the candidates elected to fill a vacancy in the Westchester County Committee of the Conservative Party from election districts within the City of Yonkers was not residing in the proper district, there is no evidence of that in the record. Petitioners' argument is premised on their claim that the list of persons elected to fill vacancies for those seats must be read in exact order with the vacancies as found on the list of committee persons issued by the Board of Elections. There are no laws nor party rules to support that argument. Furthermore, there is no evidence to suggest that the seat was improperly filled. Therefore, Justice Walsh's determination that the vacancy was properly filled should not be disturbed.

Petitioners next contend that the members-at-large of the executive committee from the City of Yonkers were elected improperly because Mr. Spencer, the incumbent chairman of the Yonkers City Committee of the Conservative Party, was improperly allowed to submit a slate of candidates to fill those positions and, as a result, Mr. Jones, a leader in the Conservative Party, was forced to compromise with Mr. Spencer in that each of them picked half of the slate of candidates.'

Petitioners contend that Rules and Regulations of the Westchester County Committee of the Conservative Party of New York State, article III, § 3 (A), which provides that "Members-at-large shall reside within and be nominated by the Committeemen from the city or town they shall represent", should be interpreted to mean that the nomination of members-at-large of the county committee from Yonkers should be by a majority of the county committee persons from Yonkers. In that case, only Mr. Jones' slate would have been submitted for a vote, since he controlled a majority of the proxies from Yonkers.

Petitioners' interpretation of the provision is unacceptable. Such an interpretation would render meaningless the right of the county committee to elect the members-at-large, as it would result in only one slate being submitted for a vote. Accordingly, Mr. Jones' compromise was not made under duress. Mr. Jones admitted that he did not have sufficient votes of the county committee persons to have his own slate elected and that if he did not reach a compromise, he would have no members-at-large. The compromise assured Mr. Jones' own election and the election of 13 of his followers as members-at-large of the executive committee. The compromise was therefore voluntary, not coerced, and may not be overturned.

Finally, there is no evidence showing that the vote on the slate was improper. Justice Walsh properly found that all the testimony established that there was a valid voice vote in favor of the compromise slate with only one dissent, which was duly noted. Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.